UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J'VON BYNUM,

        Plaintiff,        CASE NO. 19-11858
                                 HON. DENISE PAGE HOOD

v.

JONATHAN KERR, *et al.*,

        Defendants.
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [#26] TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#19]

On June 24, 2019, *pro se* Defendant J'Von Bynum ("Bynum") filed this 42 U.S.C. § 1983 Complaint. [ECF No. 1] Bynum alleges (1) that the Gus Harrison Correctional Facility mishandled his legal mail and (2) retaliation by Defendants Jonathon Kerr, Cheryl Elliot, and Deb Corbin. [ECF No. 1] This matter is before the Court of Magistrate Judge R. Steven Whalen's Report and Recommendation ("the R&R") dated August 17, 2020. [ECF No. 26] The Magistrate Judge recommends that Defendant's Motion for Summary Judgment for failure to exhaust Plaintiff's administrative remedies be GRANTED IN PART and DENIED IN PART. [ECF No. 19] Plaintiff has not filed any objections and the time to do so

1

has passed. The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons.

Regarding Defendant's claims about administrative exhaustion, the Magistrate Judge relied on the Prison Litigation Reform Act of 1996 ("PLRA"), which provides that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Magistrate Judge Whalen correctly concluded that the exhaustion requirement is mandatory and applies to all suits concerning prison conditions, regardless of the nature of the act or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The Magistrate Judge appropriately concluded that (a) Plaintiff's claims against Defendant Elliot must be **DISMISSED WITH PREJUDICE**; (b) Defendants failed to meet their burden establishing that the claims against Defendant Kerr are unexhausted; (c) Plaintiff's actions did not result in a failure to put Defendant on notice, nor did he fail to exhaust his administrative remedies regarding his First Amendment/Retaliation claims against Defendant Corbin; and (d) Plaintiff's claims against Defendants listed in Grievance Identifier 18-10-2614-15D should be **DISMISSED WITHOUT PREJUDICE**.

Accordingly,

IT IS HEREBY ORDRED that the Report and Recommendation of Magistrate Judge R. Steven Whalen [ECF No. 26, filed August 17, 2020] is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [ECF No. 19, filed January 3, 2020] is **GRANTED IN PART** as to Bynum's claims against Defendant Elliot, and Bynum's claims in Grievance Identifier 18-10-2614-15D, and **DENIED IN ALL OTHER PARTS**.

s/Denise Page Hood

Dated: November 30, 2020                  United States District Judge