UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J'VON BYNUM,

Plaintiff,

v.

J. KERR, *et al.*,

Defendants.
_______________________________/

Case No. 2:19-cv-11858
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 32)**

**A. Background**

Plaintiff J'Von Bynum, proceeding *in forma pauperis* (ECF Nos. 2, 4), is currently incarcerated at the Gus Harrison Correctional Facility (ARF). *See* mdocweb.state.mi.us/otis2/otis2.html. As stated in Magistrate Judge Whalen's August 17, 2020 Report and Recommendation, on June 24, 2019, Plaintiff

> filed this civil rights action under 42 U.S.C. §1983 alleging the mishandling of his legal mail and retaliation by Defendants Jonathon Kerr, a corrections officers [sic]; Cheryl Elliot, a mail room supervisor; and Deb Corbin, a mail room employee. Plaintiff alleges interference with his right to access to the courts and retaliation in response to his filing of grievances regarding the same conduct.

(ECF No. 26, PageID.234.) He then filed an amended complaint on October 9, 2019. (ECF No. 10.)

On November 30, 2020, the Court adopted Judge Whalen's Report and Recommendation granting in part and denying in part Defendants' motion for summary judgment on the basis of exhaustion, and: (1) dismissed with prejudice Plaintiff's claim against Defendant Elliot; and (2) dismissed without prejudice Plaintiff's claims against Defendants listed in Grievance Identifier 18-10-2614-15D. (ECF No. 28.) Plaintiff's motion for reconsideration of that opinion and order (ECF No. 29) remains pending before the Court.

**B. Instant Motion**

Currently before the Court is Plaintiff's July 12, 2021 motion for appointment of counsel. (ECF No. 32.) Judge Hood referred the motion to me on August 4, 2021. (ECF No. 33.)[1] As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)." *Dewitt v.*

[1] Plaintiff has since filed a motion to adjourn dates, which references the referral of the instant motion to Judge Patti (ECF No. 34), but Judge Hood has not referred that motion to me.

*Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel . . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (citations omitted).[2] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of authority is limited to exceptional circumstances.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merits of the claims, (2) the nature of the case, (3) the

---

[2] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915, the Court may only request that an attorney represent an indigent plaintiff.

complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

**C. Analysis**

Applying the foregoing authority, Plaintiff has not described any exceptional circumstances to justify a request for appointment of counsel at this time.

First, although Plaintiff asserts that the issues raised in this case are complex, he has limited knowledge of the law, and he lacks the communication skills necessary to actively participate in trial, he has on several occasions demonstrated his ability to articulate his claims and adequately communicate his requests to the Court, including in the instant motion and in his response (ECF No. 23) to Defendants' motion for summary judgment (ECF No. 19). And, notably, Plaintiff's summary judgment response and sur-reply were effective enough to parse out the issues, stave off a full grant of summary judgment, and keep this case on a trial footing. (ECF Nos. 23, 25.) Thus, he seems quite capable of presenting his case and representing himself. And, despite Plaintiff's assertions to the contrary, the operative claims do not appear to involve novel or especially complex issues.

Second, Plaintiff's arguments that he is unable to afford counsel, lacks legal knowledge, and has limited access to the law library because of the COVID-19 pandemic, and that the case will require extensive discovery and will involve "testimony in sharp conflict[,]" are factors that would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances. (*See* ECF No. 32, PageID.272.) Nor does the fact that Plaintiff has made a jury demand or efforts to obtain counsel. The Court is also unconvinced that a case "alleging the mishandling of his legal mail and retaliation" (ECF No. 26, PageID.234) requires extensive discovery.

Third, due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the dispositive motion deadline has passed and/or any of a plaintiff's claims survive dispositive motion practice. Here, no scheduling order has been entered, and although the Court ruled on Defendants' motion for summary judgment (ECF Nos. 26, 28), it did so on the basis of exhaustion and not on the merits, and a motion for reconsideration (ECF No. 29) remains pending before the Court. Thus, seeking *pro bono* counsel at this stage of litigation would be premature.

Finally, there is no indication that Plaintiff will be deprived of his physical liberty if he loses this civil case.

**D. Order**

Upon consideration, Plaintiff's July 12, 2021 motion for appointment of counsel (ECF No. 32) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or other circumstances demonstrate such a need in the future.[3]

**IT IS SO ORDERED.**

Dated: September 8, 2020

________________________
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).