UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J'VON BYNUM,

        Plaintiff,

v.

J. KERR, *et al.*,

        Defendants.

_____/

Case No. 2:19-cv-11858
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO
DISMISS THIS MATTER PURSUANT TO FED. CIV. P. 41(b) and
DEEM MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(ECF No. 56)**

**I.     RECOMMENDATION**: The Court should **DISMISS** this matter pursuant

to Fed. R. Civ. P. 41(b) and **DEEM MOOT** Defendants' motion for summary

judgment (ECF No. 56).

**II.     REPORT:**

    **A.     Background**

    This lawsuit stems from the alleged mishandling of Plaintiff's incoming and

outgoing legal mail while incarcerated with the Michigan Department of

Corrections.  (ECF No. 1.)  Plaintiff brings a cause of action pursuant to 42 U.S.C.

§ 1983, contending his mail was mishandled in retaliation for exercising his rights

under the First Amendment of the United States Constitution and that, in so doing,

Defendants denied him access to the Michigan State Courts.  (*Id.* at PageID.6,7.)

**B.     Instant Matter**

Plaintiff initiated this case on June 24, 2019.  (ECF No. 1.)  On November

30, 2020, the Court adopted Judge Whalen's report and recommendation to grant

in part and deny in part Defendants' motion for summary judgment on the basis of

exhaustion, and: (1) dismissed with prejudice Plaintiff's claim against Defendant

Elliot; and, (2) dismissed without prejudice Plaintiff's claims against Defendants

listed in Grievance Identifier 18-10-2614-15D. (ECF No. 28.)  The Court then

denied Plaintiff's motion for reconsideration. (ECF No. 43.)  Following this early

motion practice, Judge Hood referred the case to me for all pretrial matters and

clarified the state of the pleadings:

> The remaining Defendants and claims are: the First Amendment
> claims involving legal mail/retaliation against Defendant Jonathan
> Kerr set forth in Grievance Identifiers ARF-17-11-3050-15b and the
> First Amendment claims involving legal mail/retaliation against
> Defendant Deb Corbin set forth in Grievance Identifiers ARF-17-06-
> 1571-15D-15D [sic] and ARF-17-11-3050-15b.

(ECF No. 46, PageID.405.)

The case proceeded through discovery and, on May 1, 2023, the two

remaining Defendants timely filed a second motion for summary judgment, by

leave of court. (ECF Nos. 55 & 56.)

**C.      Plaintiff has not opposed the motion for summary judgment**

After Defendants filed their second motion for summary judgment, the Court

issued an order requiring Plaintiff's response by May 31, 2023. (ECF No. 57.)  The

order was sent to Plaintiff's address of record, and was not returned as

undeliverable.[1] It is now almost five months past the deadline, and Plaintiff has not

filed any response, sought an extension, or communicated with the Court in any

manner. Defendants' motion for summary judgment (ECF No. 56) thus sits

unopposed.  *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must

file a response, including a brief and supporting documents then available.").

Indeed, Plaintiff has not filed anything in this case since March 14, 2023. (ECF

No. 52.)  Still,

> . . . a district court cannot grant summary judgment in favor of a
> movant simply because the adverse party has not responded.  The
> court is required, at a minimum, to examine the movant's motion for
> summary judgment to ensure that he has discharged that burden.

*Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).  Therefore, if the Court were

to opine on Defendants' motion, it would need to consider whether Defendants

have met their burden under Fed. R. Civ. P. 56.

---

[1] And, although it would still be Plaintiff's responsibility to inform the Court of any change in address, the Court has confirmed that Plaintiff is currently housed at the Central Michigan Correction Facility, his address of record in this case. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=339556 [Last checked Nov. 4, 2023].

**D.      Plaintiff has not complied with the show cause order.**

On September 21, 2023, the Court entered an order requiring Plaintiff to

show cause for failure to comply with its scheduling order and/or as to why this

case should not be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute.

(ECF No. 58.)  The order specifically provided:

> . . . **ON OR BEFORE Friday, October 13, 2023, Plaintiff is
> ORDERED TO SHOW CAUSE**, in writing, as to:  (1) why this case
> should not be dismissed in accordance with Federal Rule of Civil
> Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for
> his failure to comply with the Court's scheduling order (ECF No. 47)
> and/or for his failure to prosecute; and, (2) must also propose a
> reasonable and conservative extended deadline for filing a response to
> Defendants' pending motion, should the Court choose to permit a
> response.  Failure to comply with this Order could result in a Report
> and Recommendation that the Court dismiss this action pursuant to
> Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2.

(*Id*., PageID.598-99 (emphases in original).)  It is now almost three weeks past the

deadline to respond to the show cause order and Plaintiff still has not filed a

response.

**E.      The Court should dismiss this matter for Plaintiff's failure to
         prosecute.**

Plaintiff having failed to file a response to Defendants' motion for summary

judgment (ECF No. 56), and Plaintiff further having failed to file a response to the

Court's order requiring Plaintiff to show cause (ECF No. 58), the Court should

dismiss this matter for Plaintiff's failure to prosecute.  As the Sixth Circuit has

explained:

In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998)). Applying these factors to the case at bar:

1.    It seems that Plaintiff's failure to file a response to the pending motion and failure to file a response to the show cause order are the result of willfulness, bad faith or fault. There is no indication that Plaintiff is not receiving the Court's orders, but rather it appears Plaintiff has purposefully abandoned his claims.

2.    Defendants are prejudiced by having to spend time and money – such as that associated with their February 21, 2023, April 5, 2023, and May 1, 2023 filings (ECF Nos. 50, 53, 56) – on a case that Plaintiff appears to have abandoned.

3.    The Court's show cause order warned Plaintiff that failure to comply with the order could result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2[,]" (ECF No. 58, PageID.599).

4.    As for whether less drastic sanctions were imposed or considered, it appears that any such effort would be fruitless, given the two Court orders to which Plaintiff has failed to respond.

Each of the factors weighs against Plaintiff; therefore, the Court should **DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and **DEEM MOOT** Defendants' motion for summary judgment (ECF No. 56).

## III.  PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc*.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated:  November 6, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE